# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| ARIEL ERNESTO COLUMBO CORDOVA, | ) | 09-17258-SBB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LIBERTY ACQUISITIONS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 09-01603-SBB |
| ARIEL ERNESTO COLUMBO CORDOVA, | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (DOCKET #27)

THIS MATTER comes before the Court for consideration of the Motion for Summary Judgment filed by Ariel Ernesto Columbo Cordova ("Defendant") on September 22, 2010[1] and the Response thereto filed by Liberty Acquisitions, LLC ("Plaintiff") on October 4, 2010.[2]  The Court, having reviewed the pleadings and the within case file, makes the following findings of fact, conclusions of law and Order.

## I.  Issue

The sole issue before the Court is whether a claim for fees by the child and family investigator ("CFI") appointed by a court in a dissolution of marriage action - which claim the parties agree *was* in the nature of a "domestic support obligation" - is discharged because the claim was assigned to a nongovernmental third-party.

For the reasons set forth herein, this Court concludes that the claim, as presented herein, shall be discharged consistent with 11 U.S.C. §§ 101(14A) and 523(a)(5).

---

[1]     Docket #27.  The pending Motion is late-filed by *21 days*.  The discovery cut-off was *September 1, 2010*.  Normally, this Court would strike the pending Motion.  However, it appears to be agreed to by the parties that there are no factual issues in this matter and all that remains is an adjudication of the legal question presented herein.

[2]     Docket #37.

## II.     <u>Background</u>

It appears that the facts set forth herein are not genuinely at issue.

Defendant was a party to a dissolution of marriage action in 2006.  During the course of that proceeding, the state court judge ordered the appointment of  a CFI, Heidi Fliss.[3]  Thereafter, the CFI assigned her debt to Plaintiff.  Defendant acknowledges this obligation as an unsecured debt in Schedule F of his bankruptcy schedules.

Defendant concedes that this debt was owed to the CFI and that the fees owed to the CFI were in the nature of a nondischargeable "domestic support obligation".  However, Defendant asserts that whatever claim to nondischargeability the fees may have had when owed to the CFI, the fees lost their status as nondischargeable claim when assigned to Plaintiff.

## III.    <u>Discussion</u>

### A.     **Summary Judgment**

Rule 56, which is made applicable to bankruptcy proceedings by FED.R.BANKR.P. 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  "When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[5]  The parties agree that there are no factual disputes here.  The only issue to be addressed is whether a claim can be voluntarily assigned to a nongovernmental agency such as Plaintiff, for the purposes of collection and be determined nondischargeable under 11 U.S.C. § 523(a)(5).

### B.     **Assignment of "Domestic Support Obligation" Claims**

11 U.S.C. § 523(a)(5) provides that a "domestic support obligation" is not dischargeable in bankruptcy.  The parties do not dispute that this claim is in the nature of a "domestic support obligation."  Nevertheless, "[w]here a debt for alimony, maintenance or support, although otherwise within the terms of the definition of domestic support obligation in section 101(14A), is excluded from the statutory definition and is therefore dischargeable under

---

[3]        The parties have not clarified or differentiated this, but the Defendant refers to Ms. Fliss as a *guardian ad litem* and the Plaintiff refers to Ms. Fliss as a CFI.

[4]        *See*, FED.R.CIV.P. 56(c)(2).

[5]        *Eastman v. Union Pacific Railroad Co.,* 493 F.3d 1151, 1156 (10 th Cir. 2007).

section 523(a)(5), if it has been assigned to a nongovernmental entity."[6]

Specifically, 11 U.S.C. § 101(a)(14A) provides:

> The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A)    owed to or recoverable by–
>> (i)    a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>> (ii)    a governmental unit;
>
> (B)    in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C)    established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>> (i)    a separation agreement, divorce decree, or property settlement agreement;
>> (ii)    *an order of a court of record*;
>> (iii)    a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D)    not assigned to a nongovernmental entity, unless that obligation is *assigned voluntarily* by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative *for the purpose of collecting the debt*.[7]

Here, the Defendant concedes that subsections (A), (B), and (C) are met in this proceeding. However, Defendant argues that subsection (D) removes this debt from being nondischargeable and makes the debt dischargeable.

---

[6]    4 *Collier on Bankruptcy* ¶ 523.11[8], at 523-89 (Alan N. Resnick and Henry J. Sommer ed., 15th ed. Rev. 2009).

[7]    Emphasis added.

There are no cases *directly* on point with the question before the Court.  The parties have each cited to cases that are *not* applicable to the specific facts in this adversary proceeding.

On the one hand, Defendant cites to *In re Mozingo*,[8] for the proposition that a debt assigned to a nongovernmental agency loses its nondischargeable status.  This case has been effectively overruled by 11 U.S.C. § 101(14A) and, moreover, it dealt with a *complete* assignment of "all ... right, title and interest" in the claim.  It was not an assignment for the purpose of collection for the benefit of the ex-spouse.

The Plaintiff has cited to *In re Smith,*[9] for is argument that the assignment survives as a nondischargeble claim  where the assignment has been made by the *spouse* for collection purposes.  This is envisioned by the express language of 11 U.S.C. § 101(14A).  This case *does not* address whether a CFI, as here, can assign for collection her claim to a nongovernmental agency.

Another case cited to by the Plaintiff is *In re Burnes.*[10]  In *Burnes*, the *guardian ad litem* sought to recover fees for services provided in a child custody case.  The Court therein determined that these were nondischargeable despite the fact that the debt was payable to the *guardian ad litem* and not the spouse, former spouse, or child of the debtor.[11] *Burnes* is distinguishable from this case because the *guardian ad litem* there did not assign his claim for collection.

It appears that the "plain language" of this statute requires that:

 (a)     the claim *cannot* be assigned to a nongovernmental agency *unless*
 (b)     the claim was *voluntarily* assigned by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative *for the purpose of collecting a debt*.

It is not disputed that the Plaintiff herein is a nongovernmental agency.  It is a collection company.  It is also not disputed that the CFI *voluntarily* assigned this claim solely for the purpose of collection.  As this matter is presented by the parties, it would appear that the *only*

---

[8]        153 B.R. 276 (Bankr.W.D.Mo. 1993).

[9]        180 B.R. 648 (10th Cir. 1995).

[10]        405 B.R. 654 (Bankr. W.D.Mo. 2009).  The Plaintiff also cites to *In re Miller,* 55 F.3d 1487 (10th Cir. 1995).  *Miller* was a cases that was decided under the Bankruptcy code as it existed prior to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  BAPCPA applies to cases filed on or after October 17, 2005.  The underlying bankruptcy case, here, was filed on April 23, 2009.  Moreover,  *Miller* addressed only the question of whether the fees of a *guardian ad litem* would be discharged where the *guardian ad litem*, himself, was asserting the claim.  The action here is brought by Liberty Acquisitions, LLC< not the CFI.

[11]        *Id.* at 659.

4

issue is whether the CFI is, *or can reasonably be construed to be*, one of the enumerated parties that can assign its claim to nongovernmental entity.  In other words, whether CFI is a "spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative."

Here, the CFI was appointed pursuant to Colo.Rev.Stat. § 14-10-116 to be an advocate of the children's best interests and to be a representative of the children.[12]  However, it does not

---

[12]       Colo. Rev. Stat.§ 14-10-116 merely allows the CFI to represent the best interest of the children. The CFI *does not* become a legal guardian. *Cf., In the Matter of JCT,* 176 P.3d 726, 733 (Colo. 2007)(en banc)(the term "guardian" includes a limited, emergency, and temporary substitute guardian, but not a *guardian ad litem*).

Under the Children's Code of Colorado, Colo.Rev.Stat. § 19-1-101 *et seq.,* the following definitions are instructive:

> "Guardian ad litem" means a person appointed by a court to act in the best interests of a person whom the person appointed is representing in proceedings under this title and who, if appointed to represent a person in a dependency and neglect proceeding under article 3 of this title, shall be an attorney-at-law licensed to practice in Colorado.

Colo.Rev.Stat. § 19-1-103(59).

> "Guardianship of the person" means the duty and authority vested by court action to make major decisions affective a child, including, but not limited to:
>
>> (a)       The authority to consent to marriage, to enlistment in the armed forces, and to medical or surgical treatment;
>> (b)       The authority to represent a child in legal actions and to make other decisions of substantial significance concerning the child;
>> (c)       The authority to consent to the adoption of a child when the parent-child legal relationship has been terminated by judicial decree; and
>> (d)       The rights and responsibilities of legal custody when legal custody has not be vested in another person, agency, or institution.

Colo.Rev.Stat. § 19-1-103(60).

> "Legal custody" means the right to the care, custody, and control of a child and the duty to provide food, clothing, shelter, ordinary medical care, education, and discipline for a child and, in an emergency, to authorize surgery or other extraordinary care.  "Legal custody" may be taken from a parent only by a court action.

Col.Rev.Stat. § 19-1-103(73)(a).

> "Parent" means either a natural parent of a child, as may be established pursuant to article 4 of this title, or a parent by adoption.

(continued...)

5

appear that the CFI was the "legal guardian" or a "responsible relative" of the children.  The CFI is *not*, therefore, one of the enumerated parties under 11 U.S.C. § 101(14A).

The "domestic support obligation", here, was established consistent with 11 U.S.C. §101(14A)(C)(ii).  While the CFI could have likely pursued this matter *on her own behalf* or though the representation of counsel, she chose to assign this obligation to the Plaintiff, a nongovernmental collection agency.  Plaintiff, a collection agency, brought this matter in its own name. Consequently, "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." [13]  The "plain language" requires this Court to grant the Defendant's Motion for Summary Judgment and dismiss this adversary proceeding.  This result is not contrary to, or demonstrably at odds with, the intentions of Congress.[14]

---

[12](...continued)
COL.REV.STAT. § 19-1-101(82)(a).

> "Responsible person" ... means a child's parent, legal guardian, or custodian, or any other person responsible for the child's health and welfare.

COL.REV.STAT. § 19-1-103(94).

The Probate Code of Colorado is also instructive to this Court.  The Probate Code of Colorado defines guardian as:

> an individual at least twenty-one years of age, resident or non-resident, who has qualified as a guardian of a minor or incapacitated person pursuant to appointment by a parent or by the court.  The term includes a limited, emergency, and temporary substitute guardian but not a guardian ad litem.

COL.REV.STAT. § 15-14-102(4).

Simply put, *nowhere* does it appear that a CFI, under Colorado law, is designated as a "legal guardian" or even a "responsible relative."

[13]      *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242 (1989).

[14]      4 *Collier on Bankruptcy* ¶ 523.11[8], at 523-89 (citing H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 59 (2005)).

VI.    **Order**

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED.

IT IS FURTHER ORDERED that the trial scheduled for Thursday, November 4, 2010, at 9:00 a.m., is VACATED.

Dated this 18th day of October, 2010.

BY THE COURT:

_____

Sidney B. Brooks,
United States Bankruptcy Judge